# Hart's Estate (No. 5).

*Trusts and trustees—Assignments for benefit of creditors—Jurisdiction of orphans' court.*

Where a testamentary trustee and executor executes a deed of all his own interest in the trust estate, prior to having filed any account, and subsequently the grantee in the deed reconveys to the trustee the same estate subject to the trusts and terms of the testator's will, an attaching creditor of the trustee cannot at the audit of the trustee's account claim that the deed of the trustee should be treated as a general assignment for the benefit of all the creditors, instead of a conveyance for the protection of the beneficiaries under the will. In such a case the trustee has merely an equitable lien in the testator's estate, and his share could not be determined until final auditing and distribution by the orphans' court. If in the meantime he illegally converts the assets of the estate to the value of his share or in excess, nothing remains to him, and the balance of the estate must go to the cestuis que trust to the value of their shares.

Argued March 27, 1902. Appeal, No. 394, Jan. T., 1901, by Philadelphia Trust, Safe Deposit and Insurance Company, from decree of O. C. Phila. Co., Oct. T., 1898, No. 552, dismissing exceptions to adjudication in estate of Samuel Hart, deceased. Before McCollum, C. J., Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Exceptions to adjudication.

In addition to the facts stated in the opinion of the Supreme Court, it appeared that the deed of Walter C. Reding to Charles Henry Hart contained the following clause:

" To have and to hold the said four story brick messuage or tenement and lot or piece of ground described, hereditaments and premises hereby granted or mentioned and intended so to be with the appurtenances unto the said Charles Henry Hart, his heirs and assigns, to and for the only proper use and behoof of the said Charles Henry Hart, his heirs and assigns forever, in trust nevertheless to manage, sell, dispose and convey the same and apply the proceeds to the payment of Sara J. Hart, Rebecca C. Hart and the children of Clarissa S. Chase of whatever amounts of income or principal they may be entitled to respectively from time to time from the estate of Samuel Hart, deceased, and upon the final settlement and division of

the residuary real and personal estate of the said Samuel Hart, deceased, to pay the full amount which may be due to them or any of them and for which there shall not be other assets in the hands of the executor of the said estate or his successors— or successors to pay and satisfy in full any balance remaining of the real or personal property included in this deed or the proceeds thereof after said payment or payments to pay and transfer to Charles Henry Hart, his heirs, executors, administrators or assigns."

*Errors assigned* were in dismissing exceptions to adjudication.

*R. L. Ashhurst*, for appellant.—The provisions of the act of 1843 are absolute and conclusive, that any assignment in trust for creditors must inure for the benefit of all creditors, irrespective of the intent of the grantor, which the act strikes down peremptorily as against the policy of the law, and makes the assignment, if duly recorded, an assignment for the benefit of creditors generally and without preference, or if not recorded within thirty days, void absolutely : Watson v. Bagaley, 12 Pa. 164; Bittenbender v. Sunbury, etc., R. R. Co., 40 Pa. 269 ; Miners' Nat. Bank's App., 57 Pa. 193 ; Kern v. Powell, 98 Pa. 253 ; Fox v. Curtis, 176 Pa. 52; Blank v. German, 5 W. & S. 36 ; Thomas v. Lowber, 14 Pa. 438; Driesbach v. Becker, 34 Pa. 152; Sutton v. Ashurst, 4 Phila. 301 ; Hodenphul v. Hines, 160 Pa. 466 ; Bryden's Account, 18 Phila. 625 ; Fagan v. Union Nat. Bank, 34 W. N. C. 20 ; Mann v. Wakefield, 179 Pa. 398 ; Spackman v. Ott, 65 Pa. 131; Dickson's Est., 166 Pa. 134; Corn Exchange Nat. Bank v. Phila. Trust, etc., Co., 11 Phila. 510.

*Frank P. Prichard*, with him *Gustavus Remak, Jr.*, for appellees.—In order to come within the Pennsylvania statute, the instrument must be an assignment in trust. Any other mode of securing the same result, as would be secured by an assignment, is permissible.

A judgment in trust is not within the statute : Guy v. McIlree, 26 Pa. 92; Johnson's App., 103 Pa. 373 ; Shaefer's Est., 194 Pa. 420.

Wherever a conveyance is made to a creditor in trust to pay himself the transaction is really a pledge, not an assignment in trust, and although the assignee may be a trustee for others, it is a trust which arises independent of, and not because of, the conveyance, and the case is not within the statute : Penn Plate Glass Co. v. Jones, 189 Pa. 290. The transaction was in its nature a pledge of the share of Charles Henry Hart to be used only in case upon distribution of the estate the other assets should prove insufficient to pay the shares of the other distributees : Manufacturers', etc., Bank v. Bank of Penna., 7 W. & S. 335; Griffin v. Rogers, 38 Pa. 382; Johnson's App., 103 Pa. 373; Handy's Est., 167 Pa. 552.

As the effect of the conveyance by Charles Henry Hart to Reding and from Reding back to Hart was to give to the other distributees of Samuel Hart's estate only the preference which the law would give them, the transaction did not amount to an assignment with intent to prefer within the meaning of the statute : Baker's App., 21 Pa. 76.

OPINION BY MR. JUSTICE DEAN, October 13, 1902 :

A history of the facts in the estate of Samuel Hart, deceased, from his death in 1885 down to 1897 is briefly given in the appeals of Charles Henry Hart, executor and trustee, from the same decree, opinions filed this day. In 1897, Charles Henry Hart, the executor and trustee, became insolvent, owing individually to the trust company, this appellant, $72,858.19, for which amount it in 1898 obtained judgment by suit in the common pleas. Before the judgment was obtained, on November 5, 1897, Hart executed and delivered to Walter C. Reding, for a nominal consideration, a deed, for all his interest, coming to him under the will of his father, in the estate of which he was executor and trustee ; the estate was largely personalty, but it also included valuable land in Philadelphia and Montgomery counties. On the same day Reding reconveyed to Hart the same estate, subject to the trusts and terms of the father's will. The deeds were properly recorded. Soon after, Hart executed three other assignments, respectively to Dora Johnson, Townsend, Whelen & Company, and the Fidelity Insurance, Trust & Safe Deposit Company, to secure indebtedness in large amounts to them. These assignments embraced the same

property as in the Reding deed and covered all the property Hart owned. After appellant obtained judgment in 1898, it issued an attachment execution which was levied on all the property of Hart in his custody and control as executor and trustee under his father's will. On its petition, Hart was cited to file account as executor and trustee under the will, which he did. At the hearing before the auditing judge, appellant appeared with its judgment and claimed that the Reding conveyance, under the act of 1843, should be treated as a general assignment for the benefit of all the creditors, instead of a conveyance for the protection of the beneficiaries under the will. The auditing judge overruled its contention and on exceptions the court below confirmed his adjudication. We now have this appeal by the trust company, in which the decree of the court refusing to treat the Reding deed as a general assignment for benefit of creditors is assigned for error.

The learned counsel for appellant has shown conclusively on both reason and ample authority, that an assignment in trust, to pay a single creditor or a number of favored creditors must, under the act of 1843, be held an assignment in trust for the benefit of all the creditors. But there is a clear distinction between the cases he cites and the one before us. If Charles Henry Hart had been simply indebted to his sisters and their children and to appellant and other creditors, and then by deed of his property had sought to pay his sisters alone, the debts he owed to them being the consideration, he would have been met by the act of 1843, and the deed would have been treated as a conveyance in trust for all his creditors. But here the account of Hart as executor and trustee had not, at the date of his deed to Reding been settled; whether he had any interest at all remaining in the estate could not, definitely, be ascertained until on adjudication and final decree of the court. The beneficiaries under the will of Samuel Hart had a definite fixed equitable lien upon the estate, imposed by the will of their father, which attached the moment of his death and so remained until division of it. Neither the act of the trustee nor the statute could divest that lien before severance of the respective interests in final account in the orphans' court. He had nothing but an equitable lien upon his father's estate to the value of his share, and that value could not be legally ascertained until final

accounting; and this was all his sisters had. If he had paid to any one of the legatees in advance her full share, the orphans' court in adjudicating the account would have decided nothing remained for that one; she could not have, by an assignment of her share, before account filed, deprived him of the right to defalcate his payment against it. Up until distribution, he did not hold his own share as an individual, but as a trustee under the will. If it then turned out that he had for any purpose illegally converted assets to the value of it, nothing remained for him; the balance of the estate must go to his cestuis que trust to the value of their shares; and the orphans' court, which is a court of equity, would have so decided. It avails appellant nothing in this appeal to assert the jurisdiction of the common pleas, under the judgment, attachment and provisions of the act of 1843; the jurisdiction of the orphans' court to equitably distribute the trust estate under the will cannot be ousted. The court below treated the deed as reaching the same effect as the will, that is, as a mere declaration of trust; we treat it as of no effect at all, and say the will itself declares the trust under which the decree is sustained.

What effect the deed would have on any surplus remaining after the trustee's full duty to his cestuis que trust is done, it is not now necessary to determine; we hold that nothing the trustee did or failed to do, could loosen the grasp of equity on the entire estate until after final decree.

The assignments of error are overruled, the decree of the court below affirmed and the appeal dismissed at costs of appellant.