# Johnson's Appeal.

1. No particular form of words is necessary to constitute an assignment for the benefit of creditors under the Act of June 14th 1836 (P. L 630), but the transaction must be in substance an absolute transfer of property of the assignor in trust for the benefit of his creditors. A mortgage executed by the assignor to a trustee for creditors, in consideration of an extension of time for the payment of the assignor's debts, being a mere security, cannot be treated as an assignment for the benefit of creditors under said Act.

2. A. and B., residing in Montgomery county, being financially embarrassed, obtained an extension of time from their creditors, and in consideration thereof gave a mortgage on their real estate to C., who re-

[Johnson's Appeal.]

sided in Philadelphia county, to secure their liabilities thus extended. C. sold the property under the mortgage and, subsequently regarding the mortgage as an assignment for the benefit of creditors under the Act of 1836, filed his account in the Common Pleas of Montgomery county, as provided in that Act :

*Held*, that the mortgage was not an assignment for creditors within the Act, and that the jurisdiction over the account was in the Common Pleas of Philadelphia county, the domicile of the trustee.

April 18th 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL of John C. Johnson, trustee for the creditors of George and Caleb H. Malin, from a decree of the Common Pleas of *Montgomery county*, upon his account as trustee, filed in said court, setting aside the report of the Auditor thereon, for want of jurisdiction : Of July Term 1882, No. 152. .

The facts as they appeared before the Auditor were as follows : On March 6th 1875, George and Caleb H. Malin, residents of Montgomery county, being financially embarrassed, in order to obtain an extension, executed a mortgage of their real estate situated in said county, to John C. Johnson, a resident of Philadelphia. The mortgage recited that the said George and Caleb H. Malin being unable to pay their indebtedness to their several creditors, had asked said creditors to extend the time of payment of their indebtedness for a certain period, and that all of the said creditors had agreed to comply with this request, on condition of being secured in part by a mortgage on the real estate owned by the Malins in Montgomery county.

The mortgage was in the usual form to Johnson, his successor, successors or assigns forever, in trust for the use and benefit of all the present creditors of the mortgagors in pro rata proportions, in accordance with their several claims, with the usual defeasance added. Default being made, Johnson obtained judgment on the mortgage and realized a fund from the sheriff's sale of the mortgaged premises. Regarding the mortgage as a virtual assignment for the benefit of creditors, he filed his account in the common pleas of Montgomery county, under the Act of June 14th 1836, §§ 1–14 P. L. 630, which gives jurisdiction to the courts of the county where the assignor resides. An Auditor was appointed who reported distribution of the fund. Exceptions filed thereto on the ground that the court had no jurisdiction were sustained by the court and the report was set aside, STINSON, P. J., filing the following opinion.

In Watson *v.* Bagaley, 12 P. S. R. 167, GIBSON, C. J., says, " an assignment of a chose in action or of a fund, need not be in any particular form of words, or particular form of an instrument—but it is a transfer of the ownership. Is this mortgage such an assignment ? It was given by two of the members of

the firm to secure the payment of the firm's debts, on their individual estates. There was no transfer of the ownership of the mortgaged lands to the trustee, so as to put them beyond the reach of an execution. This case is governed by case of Ridgway *v.* Stewart, 4 W. & S. 383, in which a mortgage was given to secure the payment of money, on the mortgagor's property to trustees, KENNEDY, J., decides "it is a mortgage of the goods described in it and not an assignment or absolute transfer or conveyance thereof, but conditional merely." In other words, a pledge of the things therein mentioned as a security for the payment of the money therein specified. The two instruments are very different from each other in their nature, the one is an absolute and indefeasible conveyance of the subject matter thereof, whereas the other is only conditional and defeasible.

This principle being applicable to mortgages to secure the payments, "it must be equally so in lands." He concludes by saying "that there is nothing in the language of the Acts of the Assembly on the subject or in the provisions contained therein, which tends in the slightest degree to show that the legislature intended to embrace mortgages given for any purpose whatever."

This mortgage, therefore, not being an assignment under the provisions of these Acts of Assembly, it follows that this court has no jurisdiction by virtue thereof. But as the parties have voluntarily created a trust, does it follow that this court has no jurisdiction over the trustee?

The second division of the Act first above referred to, relates "of trustees in other cases." The fifteenth section of the Act and the first under the division, gives jurisdiction to the court of common pleas in which any such trustees shall have resided at the commencement of the trust. The jurisdiction given to the several courts by the first and fifteenth sections is recognized throughout the whole Act, as is seen by the thirty-fifth section. That this mortgage created a trust, and that the trustee is bound to carry out its provisions by accounting to the present creditors of the firm of Malin Bros., cannot be questioned. The mortgage being executed for the purpose therein stated, the trust arose, necessarily, by operation or implication of law in order to have it executed; if so, the fifteenth section gives jurisdiction "to the court of common pleas of the county in which the trustee resides at the commencement of the trust."

This is in accordance with one of the maxims in equity, that *œquitas agit in personam.* As, therefore, the trustee at the commencement of the trust resided in Philadelphia, this court has no jurisdiction over the trustee or his accounts.

. The exceptions to the jurisdiction are sustained.

Johnson took this appeal, assigning for error the decree of the court, sustaining the exceptions.

*G. R. Fox*, for appellant, submitted a printed brief.—The only question here arises from the case of Ridgway *v.* Stewart, 4 W. & S. 383. That was not a mortgage for the benefit of existing creditors, to whom debts were due, but an ordinary mortgage to trustees to secure bonds payable in future. The mortgage in this case was to secure existing debts : Lucas *v.* S. & E. R. R., 8 Casey 458 and Bittenbender *v.* S. & E. R. R., 4 Wright 269 are directly applicable.

*G. Heide .Norris* (with him *George. Junkin*), for sundry creditors.—Regarding the instrument in the light of a mortgage pure and simple, the jurisdiction to take cognizance of the distribution should remain certainly in the county where the lands are situate by virtue of the Act of 1705, sec. 6, Purdon 482. It could not have been the intention of the legislature, where lands have been mortgaged and the mortgage contained a trust for creditors, to compel the mortgagee as trustee to foreclose the mortgage and sell the lands in one jurisdiction and file an account and make distribution in another, simply because he did not happen to live in the county where the lands are situate.

The opinion of the court was delivered May 21st 1883 by PAXSON, J.

The court below held that the mortgage in controversy was not an assignment for the benefit of creditors within the meaning of the Act of June 14th 1836 entitled " An Act relating to assignees for the benefit of creditors and other trustees." The court further ruled that it had no jurisdiction to distribute the money realized upon the mortgage from a sale of the mortgaged premises, but that the distribution must be made in Philadelphia where the trustee resides.

If we concede the first proposition to be correct the second follows logically. We have therefore presented the single question whether the mortgage was in effect an assignment under the Act of 1836.

The recent case of Wallace & Krebs *v.* Wainright & Co., 6 W. N. C. 550, contains much of the learning upon this branch of the law, and it would be useless to repeat what was there said, or to again review the authorities there referred to. In Wallace & Krebs the debtor assigned a number of judgments to his attorneys in payment of the creditors of the assignor naming them. There was no express trust, but this court held there

[Johnson's Appeal.]

was an implied trust, and that the assignment came within the Act of 1836.

The principle to be deduced from the authorities is that the form of the transaction is not material; the law cannot be evaded " by any sham departure from the general form of assignments :" Fallon's Appeal, 6 Wright 235 ; hence an absolute transfer of a man's property in trust for the payment of his debts must be regarded as an assignment within the Act of 1836, without regard to the particular form of the conveyance.   But it must be an assignment or transfer of property.   Judgments confessed to secure creditors are not such preferences as are avoided by the Act of 1843, although an assignment for creditors was intended and was shortly afterwards executed : Blakey's Appeal, 7 Barr 449.

We are of opinion that the mortgage in this case was not an assignment for creditors under the Act of 1836.   That it was not intended as such by either the mortgagors or the mortgagee is too plain for argument, nor has any of the creditors intended to be benefited thereby ever treated it as such.   The facts connected with it, briefly stated, are that Malin Brothers, residents of Montgomery county, becoming embarrassed in 1875, obtained an extension of 24 months from their creditors, and in order to secure their liabilities thus extended, executed the mortgage in question upon their real estate to the appellant as trustee. The consideration of the mortgage was the extension, and had the extended paper been paid at maturity, the condition of the mortgage would have been performed, and the mortgagors entitled to have satisfaction entered of record.

There is no room here for an allegation that the mortgage was intended as an evasion of the Act of 1836.   It was a security for the creditors precisely as if the mortgagors had given indorsed paper or other personal security to procure an extension. Moreover the mortgage was not an absolute transfer of anything, it was a mere pledge or security.   In this it lacks one of the essential features of assignments under the Act of 1836.   In all the instruments which have been held to be assignments for creditors, there has been in some form an absolute transfer of the property.   The assignor parted with all his title and control thereof, save alone the right to have any surplus re-conveyed to him that might remain after the payment of his debts.

We are of opinion that the learned judge below ruled this case upon correct principles.

The decree is affirmed and the appeal dismissed at the costs of the appellant.