## Simpson's Estate.

*Trusts and trustees—Testamentary trusts—Investments in real estate without notice to remaindermen—Wills—Construction—Account—Jurisdiction Common Pleas.*

1. The requirements of the law are not met when an accountant, whether administrator, guardian or trustee, proposes to hand over to those entitled to the estate specific property, however acquired, in liquidation of his liability, except as the parties in interest agree to an acceptance of the same.

2. Where a testator left a sum of money in trust for the benefit of a niece for her life with directions for the division of the principal among the son and daughter of the life tenant upon her death and the trustee applied to the Supreme Court for leave to invest the major portion of the trust fund in a house to be occupied by the life tenant without notice to the remaindermen, the remaindermen and those claiming under them are not bound by the decree authorizing and approving the investment.

3. Where jurisdiction does not exist all the acts of the tribunal are void and may be so treated in collateral proceedings. It is never too late to attack a judgment or decree for want of jurisdiction.

4. Testamentary trustees not vested with the trust estate as executors or administrators and therefore not amenable to the Orphans' Court are under Section 15 of the Act of June 14, 1836, P. L. 628, amenable only to the Court of Common Pleas of the county wherein the trustees resided at the inception of the trust; if a substituted trustee of such estate residing in another county files his account in the Common Pleas Court of the county of his residence and obtains confirmation thereof, the proceedings are void and will on appeal be vacated.

Argued Jan. 4, 1916. Appeal, No. 63, Jan. T., 1915, by George Castleman Semple, Executor of the last will of

Mary D. Semple (formerly Bladen), deceased, from decree of C. P. No. 4, Phila. Co., Sept. T., 1883, No. 661, dismissing exceptions to report of auditor, in Estate of Edward Simpson, deceased. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Reversed.

Exceptions to report of Chester N. Farr, Jr., Esq., Auditor. Before AUDENRIED, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. George Castleman Semple, Executor of the last will of Mary D. Semple, deceased, appealed.

*Errors assigned* were in dismissing the exceptions.

*Hampton L. Carson,* with him *Joseph Carson* and *John Kent Kane,* for appellant.—The Court of Common Pleas of Philadelphia had no jurisdiction over the accounts of the trustee filed in 1883 or in 1908, but the jurisdiction of these accounts was in the courts of Allegheny County: Vaughan v. Barclay, 6 Whart. 392; Wilt v. Franklin, Binn. 502; Johnson's App., 103 Pa. 373; Helfenstein's Est., 135 Pa. 293; Collins v. Collins, 37 Pa. 387; Commonwealth v. Barnett, 199 Pa. 161; Fowler v. Eddy, 110 Pa. 117.

*John G. Johnson,* with him *Maurice Bower Saul,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, April 17, 1916:

Edward Simpson, a resident of Pittsburgh, died sometime prior to February 23, 1869. The date of his death does not appear in the record. His will, duly admitted to probate in the County of Allegheny, contained the following provision: "I direct my said executors out of my estate after the bequest and devise above mentioned shall

have been accomplished, to pay over to my friends, Charles McHenry and William Owens, Jr., the sum of ten thousand dollars in trust, to pay the income and interest thereof semi-annually or quarterly, if practicable, to my niece, Mrs. Elizabeth Bladen, during her natural life. I further direct that said income shall not be subject to the control of her husband, but shall be for her sole and separate use, and that she shall not anticipate, transfer or charge the income in any way. Her receipts for any semi-annual or quarterly payment to be a full discharge or voucher for such amount to said trustees, and I further direct said trustees upon the decease of my said niece, to pay the principal sum of ten thousand dollars to the children of my said niece as follows: To her daughter Mary D., seven thousand dollars, and her son Robert Simpson Bladen, the balance, three thousand dollars." McHenry and Owens, the trustees named by the testator, were residents of the city of Pittsburgh. They resigned as trustees and Hon. Ellis Lewis, a former Chief Justice of this court, was appointed by it as their successor. Upon his resignation the same court, on February 23, 1869, appointed as his successor in the trust The Pennsylvania Company for Insurances on Lives and Granting Annuities. On May 1, 1869, at the instance of Mrs. Elizabeth Bladen, it presented its petition to this court, asking to be permitted to purchase for $9,000, out of the funds in its hands, a certain property situated at No. 708 South Tenth street, in the City of Philadelphia, to be used as a dwelling by Mrs. Bladen, and the following decree was made: "And now, to wit, May 1, 1869, on motion of W. S. Bladen, attorney for petitioner, the investment as prayed for is approved provided the same shall not exceed the sum of nine thousand dollars ($9,-000). THOMPSON, C. J." On September 18th of the same year the trustee presented a supplemental petition to this court, concurred in by Mrs. Bladen, setting forth that an additional sum was needed to put the house in good, tenantable order, and praying that the sum to be

invested in purchasing and repairing the property might be increased to $9,400, whereupon the following order or decree was made: "And now, this 18th day of September, 1869, the court do order and decree that the order heretofore made limiting the amount to be expended in the purchase out of the within trust fund of the premises within described to the sum of $9,000 be so far modified as to extend said limit to the sum of $9,400, and further ratify and approve any investment heretofore made by said trustee to an amount not exceeding $9,400 in the purchase, expense and repairs of said premises." The trustee purchased the property No. 708 South Tenth street, Philadelphia, and Mrs. Bladen, with her husband and two minor children, Mary D. and Robert S., took immediate possession of it as a home. She failed to pay taxes and water rents, and the income from $728, the balance of the trust fund remaining in the hands of the trustee after paying for the house, having been insufficient to pay these charges, it paid the same from year to year by advancing sufficient sums for that purpose and charging them against the principal of the trust. The sums so advanced by 1883 amounted to $2,610.35. In that year the trustee filed its first account in Court of Common Pleas No. 4 of the County of Philadelphia, and the same was referred to an auditor, whose report, confirmed by the said court, allowed the credits asked for and charged against the principal of the trust estate for the payment of taxes and water rents. Mrs. Bladen, the life tenant, appeared at this audit, and Mary D. Bladen, who was then a minor, was represented by her guardian. Robert S. Bladen, who was of age, did not appear. Elizabeth Bladen, the cestui que vie, died August 19, 1908. Mary S. Bladen, who had married George C. Semple, died February 10, 1910. Her brother, Robert, died before her and his interest in the trust fund passed to her. She appointed her husband, George C. Semple, the executor of her will and made him her sole legatee. Immediately upon the death of Mrs. Bladen, Mary D. Bla-

den, who was then married to George C. Semple, objected
to the account filed by the trustee in 1883, denied its
right to purchase the said property, No. 708 South Tenth
street, and pay said taxes and water rents, and demand-
ed that it render an account to her for the principal of
the said trust fund.  It filed its account in the court
below on September 25, 1908, in which it claimed credit
for $2,610.35, the sum allowed it by the auditor appoint-
ed to pass upon its first account, and for $3,084.13, inter-
est on the same.  This second account was referred to an
auditor, who disallowed these items.  His legal conclu-
sions were:  1. The Court of Common Pleas of Philadel-
phia County had jurisdiction over the account of the
trustee.  2. The order and decree of the Supreme Court
directing the purchase of the property on South Tenth
street was not a sufficient protection to the trustee, and
the trustee must account for the full value of the prin-
cipal sum of $10,000 to the estate of the remainderman,
Mary D. Semple, nee Bladen, the property 708 South
Tenth street, Philadelphia, being regarded as equiva-
lent to $9,400.  3. The estate of the remainderman, Mary
D. Bladen, is not bound by the order of the Supreme
Court directing the purchase of the property 708 South
Tenth street.  4. The estate of the remainderman, Mary
D. Bladen, is not bound by her failure to except to the
report of the auditor on the account filed by the trustee
in 1883.  In sustaining exceptions to the report of the
auditor the learned court below held that the remainder-
men were bound by the decree of this court approving the
purchase of the house, and that they were concluded by
the confirmation of the report of the auditor on the first
account, allowing the credits claimed by the trustee for
taxes and water rents which it had paid.  From the de-
cree sustaining the exceptions to the report of the audi-
tor on the trustee's second account, which, in effect, re-
quires the appellant, representing the remainderman, to
take the property 708 South Tenth street, Philadelphia,
subject to a charge for taxes and water rents, instead of

$10,000 in money, as directed by the will of the testator, less proper charges incident to the administration of the trust estate, we have this appeal.

The direction of the testator, which is supreme and not to be disregarded by any court except by the consent of all parties interested and capable of consenting, was that the sum of $10,000 should be held in trust during the life of his niece, Elizabeth Bladen, to whom the interest or income accruing therefrom was to be paid semi-annually or quarterly, and upon her death the said "principal sum of $10,000" should be paid to her two children. Instead of getting this, the decree of the court below requires them, or rather the appellant, who has succeeded to their rights or interest in the said fund, to take a house with a charge upon it in favor of the accountant. Answer is made to this that the decree of the lower court but recognizes the decree of this court approving the appropriation by the trustee of nearly all the fund in its hands to the purchase of the house. Assuming, but by no means deciding, that this court had power to make such a decree, it clearly was not binding upon the children of Mrs. Bladen, who were minors at the time and had no notice through a guardian that the petition for the decree would be presented to the court which made it. If it was a decree which the court was authorized to make, the duty rested upon the trustee in asking for it to show that the minor remaindermen had notice, through a guardian, of the application for it. No such notice was given, and the learned auditor, in correctly holding that the remaindermen were not bound by the decree, very properly said: "There is no evidence whatever that Mary D. Bladen and Robert S. Bladen ever received any notice, but, on the contrary, the eleventh finding shows that they were minors at the time of the purchase and also, according to the fourteenth finding, Mary D. Bladen, the only surviving interest in remainder was a minor at the time of the audit of the account filed in the Court of Common Pleas No. 4 of September Term, 1883, No.

661. It is apparent that no opportunity was afforded in any event to either of these remaindermen to object to the entry of the decree by the Supreme Court, or the manner in which the trust estate was handled."

Unless by some subsequent proceeding in connection with the trust estate, by which the remaindermen were concluded by the decree of this court approving the purchase of the house, the appellant is entitled to receive what the will of Edward Simpson gave to his deceased wife and her brother Robert. "The requirements of the law are not met when an accountant, whether administrator, guardian or trustee, proposes to hand over to those entitled to the estate specific property, however acquired, in liquidation of his liability, except as the parties in interest agree to an acceptance of the same": Weir's Estate, 251 Pa. 499.

Against the obviously plain proposition that the remaindermen were not bound by the decree approving the purchase of the house, because no notice of the application for the approval of it had been given to them, it is contended that they are concluded by the decree of the court below confirming the report of the auditor allowing the credits which the trustee claimed for taxes and water rents in its first account. If the court below had jurisdiction of that account, this contention of the appellee would have to prevail, for at the time that account was audited one of the remaindermen was of age and the other was represented at the audit by a guardian. When this court, in the exercise of its jurisdiction, conferred by the Act of June 16, 1836, P. L. 784, and extending over the entire State, appointed the appellee as a successor to the trustees named by the testator, the jurisdiction over the account of the new trustee was fixed by the statute. "Whenever any assignment, conveyance, or transfer (excepting assignments or transfers for the benefit of creditors, as hereinbefore mentioned) shall have been made, or shall hereafter be made, by deed, will, or otherwise, of any estate, real or personal, to any person or corpora-

tion, in trust, for, or for the use or benefit of any person, or association of persons, or corporation; also, whenever any trust shall arise by operation or implication of law, the Court of Common Pleas of the county in which any such trustee shall have resided at the commencement of the trust, or, if such trustee be a corporation, in which such corporation is situate, or in which its principal officer shall have resided, as aforesaid, shall exercise the jurisdiction and powers given by law in regard to such trust: Provided, that nothing herein contained, shall extend to trusts created by will, and vested in executors or administrators, either by the words of the will, or by the provisions or operations of law, whenever such executors or administrators are by the existing laws amenable to the Orphans' Court": Section 15, Act of June 14, 1836, P. L. 628. McHenry and Owens were not trustees with a trust vested in them as executors or administrators, and were, therefore, not within the proviso of the foregoing section. The learned court below was of opinion that "if the original trustees had lived outside of the County of Philadelphia when the trust became operative, our jurisdiction would not have extended to this case"; but that court overlooked the fact found by the auditor, neither excepted to nor assigned as error, that McHenry and Owens, who had resigned as trustees, were residents of the City of Pittsburgh. This conclusive finding gave to the Court of Common Pleas of Allegheny County exclusive jurisdiction of the trust now under consideration: Johnson's Appeal, 103 Pa. 373. In that case a mortgage was given by embarrassed mortgagors, residents of Montgomery County, to a resident of Philadelphia, in trust for creditors of the mortgagors. Default having been made, Johnson, the mortgagee, obtained judgment on the mortgage and realized a fund from the sheriff's sale of the mortgaged premises. Having regarded the mortgage as a virtual assignment for the benefit of creditors, he filed his account in the Common Pleas of Montgomery County, under the Act of June 14, 1836, P. L. 628, which

gives jurisdiction to the court of the county where the assignor resides. An auditor was appointed, who reported distribution of the fund. Exceptions were filed thereto, on the ground that the court had no jurisdiction. These exceptions were sustained and the report set aside, on the ground that, as the trustee, at the commencement of the trust, resided in Philadelphia, the court of Montgomery County had no jurisdiction over him or his account. This we affirmed. The sole authority relied upon by the appellee as sustaining the jurisdiction of the court below is Helfenstein's Estate, 135 Pa. 293. That case was, as Mr. Justice MITCHELL stated, clearly distinguishable in its facts from Johnson's Appeal, supra. The deed from Helfenstein, a resident of Northumberland County, to Keichline, a resident of Philadelphia, was treated by the court below, as appears from the report of the case, as an assignment or transfer for the benefit of creditors, and as such, having been excepted from the provisions of Section 15 of the Act of June 14, 1836, the Court of Common Pleas of Northumberland County had jurisdiction of the account filed by Keichline.

The court below having been without jurisdiction over either of the accounts filed by the appellee, its actions upon them were absolutely void: Phillips' Appeal, 34 Pa. 489; Voorhees v. Bank of the United States, 10 Pet. 449; Borden v. Fitch, 15 Johnson (N. Y.) 121. "When the jurisdiction does not exist, and usurpation takes its place, then all the acts of the tribunal are void 'and of none effect,' and may be so treated in any collateral proceeding. ...... Where there is no jurisdiction there is no authority to pronounce judgment, and consequently a judgment so entered is so but in form and similitude, and has no substance, force, or authority": Miltimore v. Miltimore, 40 Pa. 151, 155. And it is never too late to attack a judgment or decree for want of jurisdiction. That question is always open. Musselman's App., 101 Pa. 165; Fowler v. Eddy, 110 Pa. 117; Commonwealth v. Barnett, 199 Pa. 161.

The decree of the court below is reversed at the costs of the appellee, and all proceedings on its first and second accounts are vacated and set aside.