## Cassone's Estate

*Ralph H. Schatz,* for accountant.

*John H. Diefenderfer* and *Lawrence H. Rupp,* for Louise Klingler.

*Orrin E. Boyle* and *Carl A. Cassone,* for William D. Cassone, Jr.

*William H. Schneller,* for estate of Louis Genovese and for William H. Ainey, creditor of decedent.

GEARHART, P. J., March 16, 1933.—On February 7, 1929, William D. Cassone entered into a trust agreement with the Pennsylvania Trust Company of Reading, Pennsylvania, by the terms of which he placed in the hands of the trust company certain policies of life insurance covering his own life, in the amount of $124,000. The policies were made payable to the Pennsylvania Trust Company as trustee. The trust agreement provided that upon the death of the settlor the trustee should collect the proceeds of the policies and manage the same in accordance with the provisions of the instrument.

William D. Cassone died on June 28, 1932, a resident of Lehigh County. Subsequently, on September 12, 1932, the Pennsylvania Trust Company filed its account in this court. It was duly audited, and distribution ordered in accordance with the trust agreement. Before final confirmation, we entered a cautionary order staying the proceedings, pending the determination of the question of the jurisdiction of this court over the fund in question.

The Act of June 26, 1931, P. L. 1384, amends the Orphans' Court Act of June 7, 1917, P. L. 363, by adding two clauses, "*n*" and "*o*" to section 9 of the latter act. The amending portions are: "(n) The control, removal, discharge, and settlement of accounts of trustees of trusts inter vivos;" and "(o) The control, removal, discharge, and settlement of accounts of trustees of life insurance trusts, whether taking effect during the lifetime or at or after the death of the insured or settlor".

It will be observed that section 9 of the Orphans' Court Act is merely an outline of the jurisdiction conferred. The details are supplied by the Fiduciaries Act and cognate legislation. The Act of 1931 outlines the jurisdiction of the orphans' court with reference to trusts inter vivos and life insurance trusts, but nowhere, so far as we are able to discover, is there legislation supplying the details as to how, when, and where this new jurisdiction is to be exercised.

A search of the reports has not revealed an instance where our courts have passed on the matter.

It will be observed in the instant case that the settlor of the trust died a resident of Lehigh County, whilst the trustee, the Pennsylvania Trust Company of Reading, Pennsylvania, is situated in Berks County. The proceeds of the insurance policies are in the possession of the trust company in Berks County, and as a matter of fact the funds representing the proceeds of life

insurance policies, having sprung into being at the death of the settlor, were never in Lehigh County.

In these circumstances the question to be determined is whether the orphans' court of this county has jurisdiction of the fund.

It has often been said that the orphans' court is a court of equity, but it is only so within the sphere of its limited jurisdiction, conferred entirely by statute. The matter of jurisdiction is basic, and before jurisdiction can attach authority must first be found in the act of assembly: Douglas's Est., 303 Pa. 227, 232; Power v. Grogan, 232 Pa. 387, 395.

There is no general rule controlling "territorial jurisdiction" in the orphans' court; sometimes the residence of an interested party controls. Section 59 (a) of the Fiduciaries Act of June 7, 1917, P. L. 447 provides that: "The orphans' court of each county shall have the care of the persons of minors resident within said county, and of their estates, . . . and to appoint guardians for such as are under the age of fourteen or otherwise incompetent to make choice for themselves. Such appointment or admission of a guardian, by the orphans' court of the county in which the minor resides, shall have the like effect in every other county in this Commonwealth as in that by the orphans' court of which he shall have been so admitted or appointed."

In other cases, the situs of the property controls. Section 27 (a) of the Fiduciaries Act provides in part: "In all cases in which, under any proceeding in any orphans' court . . . any dower, legacy . . . shall have been imposed upon land . . . it shall be lawful for the owner of the land charged to apply by petition to the orphans' court of the county where said land is situated,—or, in case said land is divided by a county line, to the orphans' court of the county where the mansion-house may be situated; or, if there be no mansion-house, in the county where the principal improvements may be; or, if there be no improvements, in either county . . ." and in still other cases varying factors are taken into consideration.

Many sections of the Fiduciaries Act, the Revised Price Act, the Orphans' Court Partition Act, and kindred acts might be cited to illustrate the point. In short, cognate legislation supplies the details as to the manner in which jurisdiction is conferred on the orphans' court by section 9 of the Orphans' Court Act of 1917, with the single exception of the amendatory provision of the Act of 1931, amending section 9 so as to create jurisdiction in the orphans' court over trusts inter vivos and insurance trusts. The amendatory act stands alone, and is open to conjecture as to when and how the jurisdiction of the orphans' court is to be employed. The glaring defects of the act are strikingly pointed out in a well-considered article by J. Garfield Houston, Esq., 79 Pitts. L. J. 12 (a).

The case before us reveals the inadequacy of the amendatory Act of 1931 with reference to territorial jurisdiction.

It would seem clear that the account now before us, previous to the Act of 1931, would have been subject only to the Court of Common Pleas of Berks County; this by virtue of section 15 of the Act of June 14, 1836, P. L. 628, which provides:

"Whenever any assignment, conveyance, or transfer, (excepting assignments or transfers for the benefit of creditors, as hereinbefore mentioned,) shall have been made, or shall hereafter be made, by deed, will, or otherwise, of any estate, real or personal, to any person or corporation, in trust for, or for the use or benefit of any person, or association of persons, or corporation; also, whenever any trust shall arise by operation or implication of law, the court of Common Pleas of the county in which any such trustee shall have resided at the com-

mencement of the trust, or, if such trustee be a corporation, in which such corporation is situate, or in which its principal officer shall have resided, as aforesaid, shall exercise the jurisdiction and powers given by law in regard to such trust: *Provided*, That nothing herein contained, shall extend to trusts created by will, and vested in executors or administrators, either by the words of the will, or by the provisions or operations of law, whenever such executors or administrators are by the exisitng laws amenable to the Orphans' court": Simpson's Est., 253 Pa. 217, 223; Johnson's App., 103 Pa. 373.

By analogy, it might well be contended the jurisdiction of this account should be in Berks County, the residence of the trustee at the inception of the trust; however that may be, in the absence of supporting legislation to the amendatory Act of 1931, we are satisfied that the jurisdiction of the orphans' court of the county in which the settlor resides does not attach when the trustee resides in a different county, as in the present case.

The orphans' court is a tribunal having its jurisdiction conferred by statute. It cannot be supplied by judicial pronouncement, and the want of jurisdiction may be attacked at any point in the proceeding: Musselman's App., 101 Pa. 165; Simpson's Est., supra; Miller's Est., 159 Pa. 562; Cutter's Est., 286 Pa. 505, 507.

We are convinced that this court was without jurisdiction in the matter, ánd therefore enter the following

### Decree

Now, March 16, 1933, the clerk is directed to strike from the records the account as filed in this matter, and all prior orders and decrees as made by this court in the matter are vacated.

From Edwin L. Kohler, Allentown, Pa.