## Green et ux. v. Laurel Hunting Club, etc., et al.

*Musser W. Gettig*, for plaintiffs.
*William W. Litke*, for defendants.

WALKER, P. J., June 19, 1947.—This is an action of ejectment brought by Paul S. Green and Nellie S. Green against Laurel Hunting Club, also known as Laurel Run Hunting Club, and Harry Daughenbaugh and Lewis Daughenbaugh, to recover possession of a tract of land described in said præcipe, situate in Huston Township, Centre County, Pa. A statement in ejectment, as well as an abstract of title, was filed by plaintiffs. On February 17, 1947, preliminary objections in the nature of a demurrer were filed by defendants, which are as follows:

"(a) Said Abstract of Title, in Paragraph 4 thereof, shows that Beatrice Andrews, Tax Collector, failed to make return of delinquent taxes on said premises to the Commissioners of Centre County, for the year 1939, as required by law, to wit, not later than the first Monday of May in the year succeeding the year in which the respective taxes were assessed and levied. Said paragraph shows said return of Beatrice Andrews, Tax Collector, to have been filed on May 13, 1940. Said return was therefore void and invalid and the treasurer's sale thereon was without authority and is void and of no effect. Said treasurer's deed is likewise void and invalid by virtue of the foregoing.

"(b) Said Abstract of Title in Paragraph 5 thereof, shows that Beatrice Andrews, Tax Collector, failed to make return of delinquent taxes to the Commissioners of Centre County for the year 1940, as required by law, to wit, not later than the first Monday of May, in the year succeeding the year in which the respective taxes were assessed and levied. Said Paragraph shows said return to have been filed by Beatrice Andrews on May 12, 1941. Said return was therefore void and invalid and the treasurer's sale thereon was without authority and was void and of no effect. Said treasurer's deed is likewise void and invalid by virtue of the foregoing.

"(c) Said Abstract of Title fails to show any title out of Adelbert L. Christian to Laurel Hunting Club which would authorize any assessment of taxes and a return thereon, for premises, 'Bounded on the North by Paul Greene; on the South, East and West by A. L. Christian, assessed at One Hundred and Fifty Dollars ($150.00).'

"(d) Said Abstract of Title fails to show any authority for the assessment of said premises of A. L. Christian in the name 'Laurel Hunting Club', nor does said Abstract show any authority for the sale of said premises at treasurer's sale, in the name 'Laurel Hunting Club'.

"(e) Said Abstract of Title fails to show any relationship between the premises claimed by plaintiff and described with particularity, being allegedly a lot of ground 130' x 91', and containing 11,830 square feet, more or less, and the alleged assessment, returns and sales by the County Treasurer with the following descriptions: 'North, Paul Greene; South, East and West, A. L. Christian.'

"(f) Said pleadings, construed together with said Abstract of Title, does not show a valid cause of action in plaintiffs and shows upon its face that plaintiffs are without title to said premises and that the title alleged

by said plaintiffs by virtue of the assessment, returns, and treasurer's sales referred to therein is void and cannot support the action taken by plaintiff."

An amended abstract of title was filed by plaintiffs. Subsequent to this date an argument was held and the only question which was pressed by defendants was that the title of plaintiffs, as disclosed by the abstract of title, is invalid because it is based upon a return made by the tax collector subsequent to the first Monday of May following the year in which the tax became due. It was not denied by counsel for plaintiffs that this tax return was made subsequent to that time.

The Act of May 29, 1931, P. L. 280, sec. 1, as amended by the Act of June 20, 1939, P. L. 498, sec. 1, 72 PS §5971a, provides, inter alia:

"From and after the passage of this act, it shall be the duty of each receiver or collector of any county, city, borough, town, township, school district, poor district or institution district taxes, to make a return to the county commissioners of such taxes which are assessed and levied on seated lands, and which are unpaid, and for which no liens have been filed, not later than the first Monday of May, in the year succeeding the year in which the respective taxes were assessed and levied."

Section 4 of the Act of May 29, 1931, P. L. 280, as amended by section 1 of the Act of May 22, 1933, P. L. 940, as amended by section 2 of the Act of June 20, 1939, P. L. 498, 72 PS §5971d, provides:

"All taxes unpaid and so returned and docketed, as aforesaid, shall be a first lien, subject as hereinafter stated, on said real estate liable for the payment thereof, together with all charges, interest, expenses and fees added thereto for failure to pay promptly; and such liens shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property before any mortgage, obligation, claim, lien or estate with which said property may

have or shall become charged or for which it may become liable, save and except only the costs of the sale and of the writ upon which it is made, and liens in favor of the Commonwealth of Pennsylvania, which shall have priority to such tax liens. All taxes returned under this or any previous statute supplied hereby shall be first liens until sold, as hereinafter provided, or unless sooner discharged."

Section 5 of the Act of May 29, 1931, P. L. 280, as amended by section 1 of the Act of May 22, 1933, P. L. 940, as amended by section 2 of the Act of June 20, 1939, P. L. 498, 72 PS §5971e, provides as follows:

"Such tax so returned and filed and entered upon said docket shall remain a lien upon said property until fully paid and satisfied, or until the property shall be sold in accordance with provisions hereof, except as hereinafter provided."

Section 6 of the Act of May 29, 1931, P. L. 280, 72 PS §5971f, reads as follows:

"After such return of taxes shall have been made in accordance with the provisions hereof, responsibility of the tax collector or receiver of taxes for the collection of the taxes so returned shall cease. On making such return, the tax collector or receiver of taxes shall be entitled to exoneration from the taxes so returned on the settlement of his accounts."

In the case of Challac's Appeal, 147 Pa. Superior Ct. 111, 115, the court said:

"If no such notice was given the tax collector by the taxing authorities it was his duty to comply with the act and make the return provided for therein, but he was obliged to do it within the limitation expressly fixed in the act, to wit, 'not later than the first Monday of May, in the year succeeding the year in which the respective taxes were assessed and levied.' If he neglected to perform his duty under the Act of 1931 within the time limitation fixed in the act, unless it had been extended by the consent of the taxing authority pur-

suant to some enabling act (see Act of May 3, 1933, P. L. 237), his power and authority to do so was wanting, his responsibility for the collection of the tax remained and he was not entitled to exoneration from any taxes returned by him after his authority to do so was gone, and subsequent action by the county commissioners and the county treasurer on such belated and unauthorized returns was invalid."

In the case of Simpson v. Myers, 197 Pa. 522, 526, the court said:

"The jurisdiction being based on statutory authority, a strict adherence to its mandates must be observed, or the title of the owner of the land will not be divested. A sale without a compliance with the statute is simply null and void."

The right to sell an individual's real estate for taxes is based upon a lien. Prior to the Act of June 4, 1901, P. L. 364, sec. 2, there was no general statute making taxes assessed against said lands a lien and they were a lien only when so declared by local or special statute: Burd v. Ramsey, 9 S. & R. 109; Ellis v. Hall, 19 Pa. 292. These liens are in accordance with the statutory provisions and there are two methods by which the liens may be preserved against real estate. One method is provided by the Act of May 29, 1931, P. L. 280, as amended by the Act of May 22, 1933, P. L. 940, whereby the tax collector makes return to the county commissioners of all unpaid taxes assessed and levied on seated lands before the first Monday of May in the year following that in which the taxes were assessed and levied. Such returns are docketed and then certified to the county treasurer, and "such tax so returned and filed and entered upon said docket shall remain a lien upon said property", provided subsequent provisions are complied with: Middlesex Township v. Wetzel et al., 32 D. & C. 525. In the case at bar the return was not made before the first Monday of May following the year in which it was levied and as a result the

lien was lost. The procedure subsequent to the return, in order to be valid, must be based upon a lien which is in force by reason of the return of the taxes by the tax collector on or before the time prescribed. If there is no valid lien, the sale would be null and void. Legally, the procedure subsequent to the filing of the return would be of no avail unless it was based upon a valid lien.

It is contended by counsel for plaintiff that this question cannot be raised in this proceeding because of the Act of May 29, 1931, P. L. 280, sec. 12, as amended by the Act of June 20, 1939, P. L. 498, sec. 7, 72 PS §5971-i, which reads as follows:

"It shall be the duty of the county treasurer, at the first term of a court of common pleas of the proper county succeeding any such sale, to make a report and return, wherein he shall set forth a brief description of the land or property sold, the name of the person (where known) in which the same is assessed, the amount of tax and the year for which the same is assessed, the time when and the newspapers in which the advertisement for sale was made, with a copy of said advertisement, the time of sale, the name of the purchaser, and the price for which each respective property was sold. Upon the presentation of said report or return, if it shall appear to said court that such sale has been regularly conducted, under the provisions of this act, the said report and the sale so made shall be confirmed nisi.

"The county treasurer shall, at the expense of the county, publish a general notice, once in a newspaper of general circulation throughout the county, stating that the report of the county treasurer with respect to any such sale or sales for delinquent taxes has been presented to the court, giving the date thereof, and that exceptions thereto may be filed within sixty days after the date of return, otherwise the report will be confirmed absolutely.

"In case no objections or exceptions are filed to any such sale within sixty days after the date of return, a decree of absolute confirmation shall be entered as of course by the prothonotary. Any objections or exceptions to such a sale may raise the legality of the taxes for nonpayment of which the real estate was sold, or the return thereof or the validity of, the sale for the reason that the tax was actually paid, or question the regularity or legality of the proceedings of the treasurer in any respect. In case any objections or exceptions are filed, they shall be disposed of according to the practice of the court. When the same are overruled or set aside, a decree of absolute confirmation shall be entered by the court. If such objections or exceptions are sustained and the court deems the defect not amendable, it shall, by its order or decree, invalidate the sale. From the decision of the court of common pleas, any party interested may appeal to the Supreme or Superior Court as in other cases. If no objections or exceptions are filed as herein provided or where objections or exceptions are finally overruled and the sale confirmed absolutely, the validity of the assessment of the tax and its return for nonpayment, and the validity of the proceedings of the treasurer with respect to such sale shall not thereafter be inquired into judicially, in equity or by civil proceedings, by the person or persons in whose name such property was sold, his or her or their heirs, or his, her or their grantees or assigns, subsequent to the date of the assessment of the taxes for which such sale was made; and such sale, after the period of redemption shall be terminated, shall be deemed to pass a good and valid title to the purchaser, free from any liens or encumbrances whatsoever, except such liens as are hereinbefore specifically saved, and in all respects as good and effective as if acquired by a sheriff's deed, provided, the purchaser has filed the bond for surplus moneys as hereinafter provided."

It will be noted from the above section that a sale after the period of redemption shall be terminated, shall be deemed to pass a good and valid title to the purchaser in all respects as good and effective as if acquired by a sheriff's deed.

In the case of Knox v. Noggle, 328 Pa. 302, 304, the court held that a sheriff's sale would not be set aside after the deed was acknowledged and delivered, except for fraud or want of authority to make the sale, in which cases relief might be had through an action in ejectment.

If the title under the tax law is as good and effective as if acquired by sheriff's deed, then a want of authority to make the sale, under the above ruling of the Supreme Court, would be sufficient to have the sale declared invalid.

In the case of Scranton v. O'Malley Manufacturing Co., 341 Pa. 200, 207, in commenting upon section 4 of the Act of March 13, 1815, P. L. 177, 72 PS §6091, the court said:

"That statute cured mere formal irregularities in the assessments, process, and other proceedings in sales by county treasurers but was held not to cure jurisdictional defects and vital irregularities. It cured irregularities in the process but did not cure the want of process: Bratton v. Mitchell, 1 W. & S. 310; Lyman v. Phila., 56 Pa. 488; Miller v. Hale, 26 Pa. 432, 437; Reading v. Finney, 73 Pa. 467; Laird v. Hiester, 24 Pa. 452, 463. The return was necessary to support the deed. Since the return was fatally defective the deed must be held invalid."

In the case of Spencer et al. v. Jennings et al., 114 Pa. 618, the court held:

"Where an Orphans' Court, having no jurisdiction, makes a decree directing the administrator of a decedent's estate, to mortgage the real estate of said decedent, which he does and a title to said real estate is derived through a sheriff's sale on a judgment on

said mortgage, the said want of jurisdiction lies at the foundation of said title, and may be taken advantage of by the heirs of the decedent in an action of ejectment brought by them against those holding under a title derived from said sheriff's sale." (Syllabus)

In Simpson's Estate, 253 Pa. 217, 225, the court said:

"The court below having been without jurisdiction over either of the accounts filed by the appellee, its actions upon them were absolutely void: Phillips' Appeal, 34 Pa. 489; Vorhees v. Bank of the United States, 10 Pet. 449; Borden v. Fitch, 15 Johnson (N. Y.) 121. 'When the jurisdiction does not exist, and usurpation takes its place, then all the acts of the tribunal are void "and of none effect," and may be so treated in any collateral proceeding. . . . Where there is no jurisdiction there is no authority to pronounce judgment, and consequently a judgment so entered is so but in form and similitude, and has no substance, force, or authority': Miltimore v. Miltimore, 40 Pa. 151, 155. And it is never too late to attack a judgment or decree for want of jurisdiction. That question is always open. Musselman's App., 101 Pa. 165; Fowler v. Eddy, 110 Pa. 117; Commonwealth v. Barnett, 199 Pa. 161."

A. L. I. Restatement of the Law of Judgments, §11e. states:

"Where a question of fact or of law is actually litigated and determined by a valid and final judgment, the determination is ordinarily conclusive between the parties in a subsequent action on a different cause of action. In such a case the doctrine of collateral estoppel is applicable. Where, however, the judgment is void, no question of fact or of law determined in the action is binding upon either party in a subsequent proceeding upon a different cause of action." Subsection g states: "Where the proceeding in which the judgment is rendered is a proceeding in rem or quasi in rem, and the judgment is void, it is open to collateral attack. Such a judgment has no effect on property

interests which are the subject matter of the proceeding, and will not affect the existence of a status where this is the subject matter of the proceeding."

The court is of the opinion that the treasurer had no authority to make the sale because there was no valid lien on the real estate and that a valid deed was not delivered by him. This deed, being the basis of the title asserted by plaintiffs, would show affirmatively that their title was not a valid one and as a result their action of ejectment could not be maintained.

As a result of the above conclusions, the following order is hereby entered.

And now, to wit, June 19, 1947, the demurrer filed in the above stated case is hereby sustained, costs of this proceeding to be paid by plaintiffs.

And now, to wit, June 19, 1947, an exception is noted and bill sealed for plaintiffs.