## Musselman's Appeal.

1. Lack of jurisdiction on the part of the court may be taken advantage of at any stage of the cause.

2. Where letters testamentary upon the estate of a resident of a foreign state are granted in such foreign state to a resident of Pennsylvania, the estate must be settled in such foreign state, and the courts of Pennsylvania have no jurisdiction over the account of the executor.

| 101 | 165 |
|-----|-----|
| 166 | 128 |
| 101 | 165 |
| 199 | 181 |
| 101 | 165 |
| e214 | 393 |
| 214 | 394 |

3. In such case no proceedings will lie in Pennsylvania either by an administrator d. b. n. c. t. a. or by a legatee and cestui que trust under the will to charge such an executor or his representative with assets of the estate until an account has been filed in the foreign state showing a balance in his hands.

4. Van Dyke's Appeal, 31 Leg. Int 69, S. C., 4 W. N. C. 283, followed and approved.

June 1st 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

APPEAL to the Court of Common Pleas of *Adams county:* Of May Term 1882, No. 71.

This was an appeal by A. C. Musselman, administrator d. b. n. c. t. a. of John Waugh, deceased, from a decree of said court ordering and directing him to pay the sum of $4,654.80 to Robert Bell, administrator of the estate of James Waugh deceased.

Bill in equity, wherein Robert Bell, executor of James Waugh, deceased, and William P. Waugh, John B. Waugh, Mary E. Waugh, and Flora A. Dufphey, children of said James Waugh, were complainants, and A. C. Musselman, administrator d. b. n. c. t. a. of John Waugh, deceased, was defendant.

The bill set forth that one William P. Waugh, of Wilkes county, North Carolina, had died on August 12th 1852, leaving a will whereby he bequeathed divers legacies, and further provided as follows:

"Item.—I give and devise to my brother, John Waugh, of Adams county, Pa., all the residue of my estate not herein disposed of, of whatever nature and kind and wheresoever situate, in trust, upon the following conditions, and for the following purposes, that is to say : my said brother shall, at his discretion and as soon as may be convenient, pay out of my estate to each of my nephews and nieces now living, except the children of my brother James Waugh and my nephew W. W. Hutchinson, who are otherwise provided for, if any of them be dead leaving children, to such children the sum of one thousand dollars ; and should the debts owing to me not realize a sum sufficient to pay the foregoing bequest and the sum mentioned in the deed

of gift to my brother James, then my aforesaid brother John shall dispose of such property and in such way as he may think proper, as shall be sufficient to make up the sum required.

" Item.—My will and devise is, that, as regards all the residue of my estate, after paying the foregoing bequests, my brother John shall retain for himself property or other means, at its fair value, to the amount of twenty thousand dollars, and the residue remaining after that shall be converted by him into cash at his discretion, or otherwise disposed of by him, and equally distributed among my nephews and nieces then living, or the families or children of such, if any be dead leaving children, except my nephew W. W. Hutchison, who is otherwise provided for . . . and except also that that portion which the children of my brother James would be entitled to, under this clause, shall be paid to him instead of them if he be living, and if not, then to such representative of his as may be legally authorized to receive the same."

Testator further appointed his brother John Waugh as his executor, to whom letters testamentary were accordingly granted, in Wilkes county, North Carolina, aforesaid.

Said John Waugh entered upon his duties as executor and filed an inventory, but never filed an account. Upon the breaking out of the war of the rebellion he came to the North, and was unable again to visit North Carolina until after the close of military operations. He then returned to Wilkes county, and transacted further business as to the estate. On April 4th 1874, he died at his residence in Adams county, Penn., without ever having filed an account as executor of William P. Waugh's estate. Letters of administration d. b. n. c. t. a. were afterwards granted to the defendant, Musselman. Complainants were respectively the executor and children of James Waugh, who had died August 9th 1875.

The prayer of the bill was that defendant be required to render an account of all property received by his testator, John Waugh, as devisee in trust of William P. Waugh, deceased, and that he be decreed to pay to complainants such sums as should be found to be due them respectively under the will of said William P. Waugh.

Defendant demurred to the bill, on the ground that the Probate Court and Superior Court of Wilkes county, North Carolina, had jurisdiction of the account of the said John Waugh in the trust aforesaid, and until settled and adjudicated there, so as to fix the balance of money in the hands of said John Waugh as executor, complainants could not maintain their bill.

After argument the court, LOGAN, P. J., overruled the demurrer and ordered defendant to answer over. Defendant thereupon filed special pleas setting up the lapse of time as a

defence, and also the same defence set out in the demurrer. In addition he filed an answer which admitted the allegations of the bill as above, but denied certain other statements therein relative to specific sums of money and pieces of property alleged to have come into his testator's possession.

The master to whom the case was referred found that the complainants were entitled to the relief sought. He stated and settled therefore an account of the amounts received and paid out by John Waugh as executor of William P. Waugh, charging him with the whole amount received by him in that capacity and crediting him with sums paid to legatees and others, and with the sum of $1,000 as commissions. He recommended a decree that defendant pay to complainant, Bell, as executor, a certain part of the balance found to be in the hands of defendant.

Complainants filed exceptions to said report on the ground that defendant should have been charged with further sums which it was alleged his testator had or should have received. Defendant also filed exceptions on the ground that the master had erred in not sustaining his pleas, and in making certain charges and in failing to allow him certain credits claimed.

The court, after argument, sustained certain of complainant's exceptions and surcharged the defendant accordingly. Defendant's exceptions were dismissed and a decree entered in accordance with the terms of the opinion.

Defendant thereupon took this appeal, assigning for error the overruling of his demurrer and the failure to sustain his pleas, and also the decree of the court.

*David Wills*, for the appellant.—It is perfectly evident that the Probate Court of Wilkes county had sole jurisdiction in the premises. The bill is filed by residuary legatees to enforce a settlement of the account of John Waugh as executor : Whiteside *v.* Whiteside, 8 Harris 473 ; Kittera's Estate, 5 Harris 423 ; Bull's Appeal, 12 Harris 286 ; Ashford *v.* Ewing, 1 Casey 213 ; Black's Executor *v.* Black's Executor, 10 Casey 354.

The Common Pleas, even as a court of equity, cannot interfere with a matter of which the Orphans' Court has exclusive jurisdiction : Loomis *v.* Loomis, 3 Casey 233 ; Everman's Appeal, 17 P. F. S. 335 ; Mussleman's Appeal, 15 P. F. S. 480 ; Dundas' Appeal, 23 P. F. S. 474 ; Hammett's Appeal, 2 Norris 392 ; Fidelity Trust Co.'s Appeal, 11 W. N. C. 264.

The liability of administrators to account is commensurate with the jurisdiction in which they receive their authority : Mothland *v.* Wireman, 3 P. & W. 187.

No suit can be brought or maintained by any executor or administrator, or against any executor or administrator, in his

official capacity, in the courts of any other country than that from which he derives his authority to act in virtue of the probate and letters of administration there granted to him : Story's Conflict of Laws, sec. 513 ; Magraw, Adm'r *v.* Irwin, 6 Norris 139 ; Vaughan *v.* Northup, 15 Peters 1 ; Kerr *v.* Moon, 9 Wheaton 565 ; Armstrong *v.* Leer, 12 Wheaton 169 ; Smith, Adm'r *v.* Union Bank of Ga., 5 Peters 518 ; Fenwick *v.* Sears, 1 Cranch 259 ; Dixon's Executors *v.* Ramsay's Executor, 3 Cranch 319 ; Holmes *v.* Remsen, 20 Johnson's N. Y. Rep. 229–265 ; Brookshire *v.* Dubose, 2 Jones' Equity Rep. 276 ; Freeman's Appeal, 18 P. F. S. 151.

There is a presumption of satisfaction of the complainants' demand arising from lapse of time : Sechrist *v.* Sechrist, 1 P. & W. 419 ; McLean *v.* Finley's Executors, 2 P. & W. 97 ; Foulk *v.* Brown, 2 Watts 209 ; Bull *v.* Towsen, 4 W. & S. 557 ; Hubley's Appeal, 7 Harris 143 ; Calhoun's Appeal, 3 Wright 224 ; Miller *v.* Snyder's Adm'r, 12 P. F. S. 153 ; Ingraham *v.* Cox, 1 Pars. 70 ; Leibert *v.* McKnight, 32 Leg. Int. 291.

*R. G. McCreary*, for the appellees.—The argument of appellant as to lack of jurisdiction is misapplied. Complainants do not seek relief against him as executor, but as trustee of the residue after his duties in that capacity were fully performed. If, in order to ascertain the extent of their rights, it became necessary to investigate his transactions as executor, that necessity was caused by his neglect to make settlement, and the respondents should not complain of it. If a settlement of his account as executor was necessary or important for them, it was their duty to make such settlement in the proper forum, and they might have obtained a stay of proceedings in this suit if necessary to enable them to do so. The demand of the complainants being for the performance of a personal trust, could be enforced wherever the person of the respondent could be found, according to the maxim, *Equitas agit in personam.*

The jurisdiction of a court of chancery is sustainable in cases of fraud, trust or contract, wherever the person be found, although lands not within the jurisdiction of the court may be affected by the decree : Brightly's Equity, sec. 223 ; Massie *v.* Watts, 6 Cranch 148, 160 ; Morris *v.* Remington, 1 Pars. 392 ; 2 Story's Equity, secs. 1291, 1292, 1297 ; Penn *v.* Baltimore, 1 Vesey 444.

The plea of defendant as to this same matter was erroneously on the record. Defendant cannot plead and demur as to the same matter : Souzer *v.* De Meyer, 2 Paige 574 ; Rowley *v.* Eccles, 1 Sim. & Stu. 511. The defendant has moreover answered to matter covered by his plea, and so has overruled the

plea; Bolton *v.* Gardner, 3 Paige 273 ; Seacroft *v.* Demprey, 4 Paige 124.

It is clear that no presumption of payment arose as large sums came into the hands of defendant's testator, within twenty years of the filing of the bill: Foulk *v.* Brown, 2 Watts 209 ; Hubley's Appeal, 7 Harris 138; Norris' Appeal, 21 P. F. S. 106.

Mr. Justice Paxson delivered the opinion of the court, October 2d 1882.

We are met at the threshold of this case with the question of jurisdiction. It is raised both by demurrer and special plea. We may well dispense with the discussion of the regularity of either, as the want of jurisdiction may be taken advantage of at any stage of the cause: Black's Ex'r *v.* Black's Ex'r, 10 Casey 354 ; Fidelity Trust Co.'s Appeal, 11 W. N. C. 264.

The question is not new. It was squarely decided in Van Dyke's Appeal, 31 Legal Intelligencer 69 ; 4 W. N. C. 283. It was there held that where letters testamentary upon the estate of a resident of New Jersey were granted in that state to a resident of Pennsylvania, the estate must be settled in New Jersey, and the courts of Pennsylvania have no jurisdiction over the account of the executor ; and further, that no proceedings will lie in Pennsylvania either by an administrator de bonis non cum testamento annexo, or by a legatee and cestuis que trust under the will, to charge such an executor or his representatives with assets of the New Jersey estate until an account has been settled in New Jersey showing a balance in his hands.

The case in hand does not essentially differ from Van Dyke's Appeal. William P. Waugh, whose estate is in controversy, was a citizen of North Carolina, residing in Wilkes county, where he died in 1852, leaving a considerable amount of property and a last will and testament, wherein he appointed his brother, John Waugh, one of his executors, who proved the will and took out letters testamentary in North Carolina. The testator gave his residuary estate to the said John Waugh, subject, however, to certain trusts—the payment of certain legacies to the testator's nephews and nieces, &c. John Waugh lived in Adams county, Pennsylvania. It is alleged that the breaking out of the rebellion interfered with the settlement of the estate and caused a large loss of property, so that no settlement of the estate has ever been made in the state of North Carolina or elsewhere. This bill in equity was filed by the cestuis que trustent of the residuary estate, in the Common Pleas of Adams county, to compel the representatives of John Waugh, who is now deceased, to account for the said residuary estate and pay

over the same to the parties legally entitled thereto.    The court below sustained the bill and made a decree in accordance with the prayer thereof.

If there is anything settled in the law of Pennsylvania it is the exclusive character of the jurisdiction of the . Orphans' Court.    It was said by BLACK, C. J., in Whiteside *v*. Whiteside, 8 H. 473 : " The exclusiveness of its jurisdiction and the conclusiveness of its decrees have been placed by the Acts of assembly and the decisions of this court upon a foundation which cannot be shaken.    If there is anything beside death which is not to be doubted, it is that the Orphans' Court alone has authority to ascertain the amount of a decedent's property and order its distribution among those entitled to it."    There are many later cases which affirm this doctrine, and which it would be useless to refer to in , detail.

Another principle, equally familiar and equally well settled, is that an executor or administrator can be compelled to settle his accounts only within the jurisdiction from which he derives his authority.    This is not only true as between the states, but it applies with equal force between the different counties of the same state.    Thus the Orphans' Court of one county in this state has no authority or jurisdiction over the accounts of an executor of another county whose letters testamentary were properly granted by the register of wills of the latter county.

No authority is needed for so plain a proposition.    Indeed, it is not disputed by the appellees.    Their learned counsel says, in his printed argument : " The argument and authorities cited by the appellant in relation to the jurisdiction and powers of the Orphans' Court are misapplied.    The complainants have nothing to do with John Waugh as executor of W. P. Waugh, but seek relief against him as trustee of the residue after his duties in that capacity were fully performed."    Just here is the point of the appellee's case.    It needs but an examination of the master's report to show how vain is the effort to ignore this question of jurisdiction.    The learned master proceeds to state and settle an account against John Waugh as executor of William P. Waugh.    He charges him with the amount of the estate, so far as he has been able to ascertain that it came into the hands of the executor, and credits him with the payment of divers sums to legatees and others, and allows him $1,000 as commissions, which the court below increased to $3,000.    Upon exceptions filed, the court below surcharged the executor with several sums which the master had not allowed.    All this was a necessary consequence of sustaining the bill.    The appellees could not move a step without a settlement of John Waugh's account as executor, for until that was done how could the

amount of the residuary estate be ascertained, or whether there was a residuary estate ?

This was one of the difficulties in Van Dyke's Appeal. There the testator, as we gather from the imperfect report of the case, bequeathed one-fourth of the residue of his estate to F. A. Van Dyke, one of his executors in trust for the relief of and support of such persons as the testator should direct and name in and by a separate letter of instructions directed to him. The appellants commenced proceedings in the Orphans' Court of Philadelphia, where F. A. Van Dyke resided, to obtain the benefit of this fourth of the estate; but upon appeal to this court it was held that until a settlement of the accounts in New Jersey the amount, if any, of the residuary estate could not be ascertained, and the proceeding fell. Until so ascertained it did not become a debt of F. A. Van Dyke, and for which he could have been sued personally. Upon this point it was said, per curiam : " It is argued that F. A. Van Dyke was at his death personally responsible to these claimants under the trust for the one-fourth of all the moneys of the estate of James C. Van Dyke that came into his hands, and therefore the executors of F. A. Van Dyke can be held to payment. This would be so if the trust had taken effect and the one-fourth had been set apart to him in his lifetime under the will of James C. Van Dyke, of New Jersey. But there is no evidence of an execution of this trust of James C. Van Dyke's will, or that F. A. Van Dyke held the fund as trustee. His responsibility for the money which came into his hands was as executor of James C. Van Dyke, and not as trustee of a divided one-fourth of the residue. The claim against him for these funds was not personal, but a claim against him as executor of James C. Van Dyke, whose estate was to be settled in New Jersey, where the will was proved and letters issued to the executors under the will, including F. A. Van Dyke. No personal action as for a debt, therefore, lay against F. A. Van Dyke in his lifetime, and none can now be supported against his executors."

So we say here. No personal action will lie against the executor of William P. Waugh for any portion of the residuary estate, or for a legacy charged thereon, until it be first shown that there is a residuary estate, and that the same passed into the hands of John Waugh as trustee thereof. That John Waugh received assets of the estate of John P. Waugh is not to the purpose. He received them as executor; his responsibility for said estate is as executor, and not as trustee of the residuary estate. The appellees must first show that there was a residuary estate, and the amount of it. This can only be done by compelling an account in the proper courts of North Carolina. When that is done, and it is legally ascertained that John

[Myers *v.* Leas.]

Waugh had in his possession a sum of money, or certain property, as trustee of the residue under the will of John P. Waugh, they can probably sustain a suit in any forum where they can find the personal representatives of John Waugh or his property.

The decree is reversed, and the bill dismissed at the costs of the appellees.