# Fidelity-Philadelphia Trust Company, Trustee, v. Goodwin

*High, Dettra & Swartz*, for plaintiff.
*Alphonso Santangelo*, for defendant.

CORSON, J., January 31, 1936.—The truth of the facts set forth in the petition has been admitted by the defendant. Under this petition, a short summary of the facts is as follows:

The plaintiff, a Pennsylvania banking institution and trust company, became trustee under the will of a resident of New Jersey. In the settlement of the estate of such decedent, the present plaintiff received, as such trustee, certain moneys. In the investment of these

moneys the plaintiff or its predecessor, the Fidelity Trust Company, purchased a certain mortgage, covering property described in the present petition and located in this county. When that mortgage became in default the plaintiff foreclosed and purchased the property at sheriff's sale.

After deeds had been duly executed to the plaintiff by the sheriff, the plaintiff sold the property to the present defendant, who, together with the title insurance company, insuring the title, raised the question of whether or not the plaintiff has the power to sell such property because of the fact that no ancillary fiduciary has been appointed to act for the estate of the New Jersey decedent in this jurisdiction.

The theory under which ancillary fiduciaries are appointed in this State would seem to rest upon the theory that assets of a decedent domiciled in another State should not be allowed to leave this jurisdiction without allowing such assets to become subject to the claims of any possible Pennsylvania creditors of the foreign decedent: Moore et al., Admrs., v. Fields, Public Admr., etc., 42 Pa. 467; see also Shakespeare, Admr., v. Fidelity Insurance, Trust & Safe Deposit Co., 97 Pa. 173.

It is clear upon the facts of this case that at the time the plaintiff (and when we speak of the plaintiff we include its predecessor, the Fidelity Trust Company) purchased the mortgage in question the money used in such purchase had been received from the estate of the New Jersey decedent after such moneys had passed through the administration in the State of New Jersey, and that such money was never the subject of administration in Pennsylvania as part of the assets of the New Jersey decedent. Even though such money had originally come from Pennsylvania, the presumption of regularity would compel us to find that such money was properly taken from Pennsylvania and distributed in New Jersey in accordance with the will of the decedent.

The mere fact that the plaintiff, when it became trustee, received the assets of the trust estate from the estate

of a New Jersey decedent cannot affect in any way the rights of the plaintiff, as trustee, to have and exercise all the rights, as assignee of the mortgage, that it would have had if it had received the assets of the trust estate from the executors of a Pennsylvania decedent.

The duties of an ancillary fiduciary of a New Jersey decedent in this State would be to collect and take over assets of a decedent in this jurisdiction, and, after they had been freed by court proceedings of any claim by Pennsylvania creditors of a foreign decedent, to turn such assets over to the executors or administrators of the decedent at the place where the original rights may have been taken out in the State of the decedent's last domicile.

The courts of Pennsylvania can have no jurisdiction over any account to be filed by the plaintiff trustee, because the plaintiff is responsible only to the estate of the New Jersey decedent and the court having jurisdiction of that estate: Musselman's Appeal, 101 Pa. 165.

Upon the question of the right of a trustee to enter into an agreement for the sale of real estate, and the power of such trustee, see Yerkes v. Richards et al., Trustees, 170 Pa. 346; see also, Carr's Estate (No. 1), 24 Pa. Superior Ct. 369. While the plaintiff is a Pennsylvania corporation, yet even a foreign corporation might invest trust funds and mortgages secured on Pennsylvania real estate and enforce their powers under such mortgages in Pennsylvania: People's Building, Loan & Saving Assn. v. Berlin, 201 Pa. 1; New York & Scranton Construction Co., to use, v. Winton, 208 Pa. 467.

This case, of course, might be different if a foreign executor were trying to sue in this State upon a mortgage given in the name of his decedent, but, as already indicated, it would seem to be clear that the present mortgage, or the moneys used in its purchase, were never assets of the decedent's estate in the State of Pennsylvania. In the present case, the plaintiff purchased the mortgage with funds in its hands as trustee, and thereby obtained all the rights, etc., which the assignee of such

302

mortgage had at the time of such assignment. The right of the plaintiff to foreclose does not depend upon any foreign letters testamentary, but upon its rights as assignee of the mortgage. This would seem clearly to differentiate the present case from the case of Laughlin et al., to use, v. Solomon, Exec., 180 Pa. 177, and similar cases. Such an assignee of a mortgage, whether from a foreign jurisdiction or not, is entitled to the same protection and the same rights under the laws of Pennsylvania as any resident of this State under similar circumstances. Section 58(a) of the Fiduciaries Act of June 7, 1917, P. L. 447, cannot change or affect the rights of the present plaintiff, because the plaintiff, in foreclosing the mortgage, was doing nothing and exercising no right that it would not have had and could not have exercised whether or not it had been a trustee. It merely exercised the powers given to it as assignee of the mortgage in question. Section 58(c) of the same act, of course, does not apply because the mortgage in question never belonged to the decedent.

And now, January 31, 1936, for the reasons given in the foregoing opinion, it is ordered, adjudged and decreed that the Fidelity-Philadelphia Trust Company, trustee for Joseph Heston Harned under the will of Joseph T. Heston, deceased, had full capacity as such trustee to foreclose the mortgage set forth in the within petition without any special grant of authority from any court or official of the Commonwealth of Pennsylvania. It is further adjudged and decreed that insofar as the foreclosure proceedings upon said mortgage are concerned the petitioner, by virtue of the deed to the petitioner from the Sheriff of Montgomery County, acquired the mortgaged premises described in said petition and became the legal owner of the market title in fee simple to the premises described in said petition and known as 8212 Marion Road, Elkins Park, Montgomery County, Pa.