## Wirth et al. v. Hagen

*Carlon M. O'Malley* and *Jenkins & Ligi*, for plaintiffs.

*Ralph G. Mastriani*, for defendant.

EAGEN, J., April 25, 1952.—This is an action in equity seeking to have defendant declared a trustee ex maleficio of moneys due plaintiffs from the estate of a relative, who resided and died in the State of South Carolina. Defendant is a resident of Lackawanna County, Pa., and plaintiffs are all nonresidents of Pennsylvania and reside in the States of Michigan, Connecticut and California.

After complaint and answer filed, the issue came on for hearing before the writer.

### Findings of Fact

1. Edgar J. Phillips, a resident of Richland County, State of South Carolina, died intestate October 7, 1944.

2. His next of kin and heirs-at-law were three uncles and two aunts, all of whom are specifically named herein as plaintiffs except one aunt, who is since deceased and is represented on the record by her son and only legal heir.

3. Defendant was duly appointed administratrix of the estate of deceased, Edgar J. Phillips, by the Probate Court of Richland County, S. C., on November 13, 1944.

4. In the petition for issuance of the letters of administration dated October 14, 1944, defendant as petitioner listed as heirs-at-law of decedent those related in the degree of first cousins and left unmentioned plaintiffs who were more closely related in degree and in fact were the real legal heirs of decedent.

5. On February 17, 1947, a petition was presented to the court by plaintiff through her attorney calling attention to the fact that the real heirs-at-law of decedent were plaintiffs and the court directed that the record be corrected.

6. On April 17, 1946, defendant wrote letters to plaintiffs, Frederick G. Phillips and Mary Wirth, advising them of decedent's death and of her appointment as administratrix of the estate and, inter alia, requesting them to sign an affidavit, which she enclosed, in order that the estate might be settled quickly and conserved as much as possible for their benefit. The letter to Mary Wirth asked her to secure the execution of a similar affidavit by William E. Phillips, Joseph Phillips and Katherine Kramer.

7. These letters failed to disclose the extent of decedent's estate and many other material facts in con-

nection therewith and certainly failed to disclosed that an execution of the enclosed affidavits was for the purpose of having plaintiffs waive and relinquish any and all rights in the estate. In fact a reading of the letters led to the definite impression that the sole purpose of the execution of the affidavits was to facilitate the settlement of the affairs of the estate and serve to benefit the beneficiaries and heirs by increasing the amount for distribution.

8. As a result of these letters, each and all of the legal heirs of decedent, Edgar J. Phillips, within a short time executed and then delivered by mail to defendant the affidavit which was a written assignment of and a transfer of all their rights as heirs in the estate of decedent to defendant, Gertrude Worth Hagen.

9. The assignment in each instance was executed by the heirs of the estate with full knowledge of its contents but without the receipt of any consideration and also without full knowledge of the nature or the extent of decedent's estate or the nature or extent of the claims against it. It was intended thereby to effect a reasonably quick settlement thereof and hasten the receipt of any share they might have therein.

10. Upon receipt of the executed affidavits or assignments, defendant wrote plaintiff, Mary Wirth, a letter on May 1, 1946, indicating inter alia, that checks for the heirs' shares would soon be forthcoming.

11. Many claims were presented against the estate of decedent but after payment thereof and all proper deductions were made involving the cost of the administration of the estate (including an administratrix's commission fee paid defendant of $975), a balance for distribution remained in the estate in the form of cash in the sum of $10,223.63. There was also other personalty in the estate consisting of jewelry valued at approximately $3,000.

12. The executed assignments referred to in paragraph 8 were presented to and filed in the probate court of the county and state aforesaid in connection with the administration of the estate and as a result thereof and on the strength thereof, the cash and personalty described in paragraph 11 was awarded completely and absolutely to defendant by that Court on April 10, 1947, and she was on that date fully discharged from liability as administratrix of the estate and her bond discharged.

13. Defendant was not a legal heir of the estate and not entitled to share therein.

14. Upon receipt of the money and other personalty making up the estate as aforesaid, defendant converted the same to her own use and has failed, despite demand made, to forward or deliver the same or any portion thereof over to plaintiffs, the parties entitled thereto.

### Discussion

The facts in this case are clear and easily ascertained. They present an attempt on the part of defendant to deprive plaintiffs of moneys and other valuable personalty due them. It is clearly a conversion of other peoples' property by defendant, which is both contrary to the moral and the civil law and should not be allowed to succeed.

The only question worthy of discussion is that of the jurisdiction of the issue on the part of this court. We conclude that the court does have the necessary jurisdiction.

It is the contention of defendant that the matters involved herein are exclusively for the determination of the Probate Court of Richland County, S. C. This would be correct if the administration of the estate involved was still pending in that court. However, the estate has been completely adjudicated and wound up. This is not an action to disturb that adjudication. The

court in charge thereof on the strength of the assignments presented, awarded the complete balance remaining for distribution to defendant. These assignments were obtained without the payment of any consideration and under circumstances created by defendant, which led to the belief that their use was intended by her for a distinctly different purpose than that for which they were ultimately used. In other words, they were obtained through misrepresentation and fraudulently used. To sustain these assignments for the benefit of defendant and permit them to prevail under the circumstances presented would assist in a great miscarriage of justice, to which this court will not knowingly be a party.

Upon receipt of the residuary property of the estate, defendant then became the trustee thereof for the parties legally entitled thereto. Upon final adjudication of the estate, she was no longer administratrix of the property involved but a trustee thereof.

We believe the correct rule is stated in Perri et al. v. Chiavaroli et al., 20 Northumb. 234, wherein it was held:

"Where a decedent's estate has been fully administered, final account filed and confirmed, the executor discharged, the balance distributed, and there are no unpaid debts, all the devisees of the decedent may in their own right bring a bill in equity against the defendant, who was also the executor of decedent's will, to recover property from him alleged to have been part of the decedent's estate, and fraudulently appropriated by him to his own use." (Syllabus)

The case of Musselman's Appeal, 101 Pa. 165, cited in defense counsel's brief, supports our conclusion instead of defendant's position. Certainly, if the administration of an estate is pending in a foreign jurisdiction, the courts of Pennsylvania have no jurisdiction over an accounting thereof and no personal action

will be taken therein against the executor for any portion of the estate. However, if the estate has been accounted for and adjudicated and a portion thereof has passed into the hands of the executor as trustee for other persons, then a personal action may be sustained in any forum where the personal representative can be found. (See pages 171 and 172 of above cited authority). This is the present case.

### Conclusions of Law

1. The estate of decedent having been distributed and completely wound up by the probate court in charge thereof, this court has jurisdiction of the present issue.

2. The assignments involved were procured through misrepresentation and fraud upon the part of defendant.

3. The assignments involved did not affect a valid legal transfer to defendant of plaintiffs' interest in decedent's estate nor relinquish any right therein.

4. Defendant is a constructive trustee of all moneys and other valuable things received from decedent's estate on behalf of the legal heirs thereof.

5. Plaintiffs, as the legal heirs of decedent's estate are entitled to receive from defendant all moneys and other valuable things received from the estate by defendant, exclusive of the commissions she received as administratrix.

6. Defendant as constructive trustee should and must account to plaintiffs for all moneys and other valuable things received from the estate exclusive of the commissions aforesaid.

### Order

Now, April 25, 1952, judgment is entered in favor of plaintiffs and against defendant. Defendant is declared to be the constructive trustee of all moneys and other valuable things received from the estate of

Edgar J. Phillips, deceased, and is directed to account in full therefor and turn over to plaintiffs all such except the moneys received in the form of commissions in payment for services as administratrix.

This is a decree nisi to become final and absolute unless within 20 days exceptions thereto are filed of record.