## Truchel v. Truchel

*Mesirov & Jaffe*, for plaintiff.
*Myers, McVeigh & Mansfield*, for defendant.

WEINROTT, J., September 18, 1959.—Plaintiff, Mabel Truchel, was appointed administratrix in Pennsylvania of the estate of Anthony Truchel, also known as Antoni Truchel, deceased, who died intestate on June 14, 1957, a resident of New Jersey. His widow, Martha Truchel, disposed of the legal requirements incidental to his death by filing an affidavit with the appropriate authorities in New Jersey that his estate amounted to less than $1,000. Subsequently, the widow Martha Truchel died, testate, and Mary Truchel qualified as executrix of her estate under New Jersey law; Mary Truchel is a citizen of Pennsylvania.

The marriage with Martha Truchel was decedent Anthony Truchel's second marriage; plaintiff and a sister were the children of his first marriage; four minor children were born of the second marriage.

The complaint avers that Anthony Truchel's estate included assets far in excess of $1,000, and that the widow Martha appropriated the assets to her own use without reference to plaintiff's interest and proceeded to dispose of same without accounting to the State of New Jersey.

The complaint prays for a decree ordering defendant executrix to account for all property which has come into her possession as executrix directly from the estate of her testatrix or through her testatrix from the estate of Anthony Truchel, and it further prays that the executrix be ordered to pay over the shares to which plaintiff and her sister would be entitled under the intestate law from the estate of Anthony Truchel, deceased.

Defendant filed preliminary objections to the complaint; the objections urge lack of jurisdiction of the subject matter.

It is clear that defendant's objections are well taken; although defendant is a resident of Pennsylvania, and was served here, the situs of the estate and the property in the possession of defendant as executrix is in the State of New Jersey. This action is in personam and cannot reach the property in another jurisdiction, particularly when the property is within the jurisdiction of another court.

The claim against defendant is solely as executrix of the widow's estate; that estate has a situs in New Jersey. Any decree which would operate in personam against Mary Truchel as executrix must in and of itself have an effect on the administration raised in New Jersey: Musselman's Appeal, 101 Pa. 165. Assuming plaintiff established the allegation of the complaint, this court's decree would obviously conflict with the distribution ordered by the court of a sister State under the will there probated.

Analyzing the proposition further it must be noted

that tne State of New Jersey has an interest in this matter since its inheritance or estate tax is obviously involved. If assets in fact have been concealed and the concealment accomplished by use of a false affidavit, New Jersey's interest becomes readily apparent.

Laughlin v. Solomon, 180 Pa. 177, cited by plaintiff, stands solely for the proposition that a foreign executor may be sued in this jurisdiction by a creditor of testator. But the court warned that if the suit should interfere with the administration elsewhere, the action would be dismissed.

Wirth v. Hagen, 82 D. & C. 302, is cited by plaintiff for her position. In that case the executor misappropriated funds of an estate which were under the law payable to plaintiffs; the administration of the estate was completed in South Carolina and distribution awarded in accordance with the false information supplied by defendant. The executor, upon completion of the administration, was held to be a trustee of the shares due plaintiffs and therefore the action would lie.

Assuming arguendo that the averments of the complaint are established, the assets are nevertheless in the possession and control of the probate authority of New Jersey. Plaintiff is not a creditor of the estate of Martha Truchel, deceased. A decree by this court that Martha Truchel was a trustee ex maleficio of the assets of Anthony Truchel's estate would manifestly be unenforceable, except against the person of Mary Truchel. It could not be enforced against the assets of the estate of Martha Truchel, deceased.

Plaintiff's remedy lies in the State of New Jersey. This court lacks jurisdiction of the subject matter of the action.

### Order

And now, to wit, September 18, 1959, defendant's preliminary objections to the complaint are sustained.

The complaint is dismissed.